UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET & FILE

----------------------------------------X

MICAH MUYHKTAHLIF,

               Plaintiff,

-against-

NY PORT AND NJ SECURITY ID OFFICE,
DEPARTMENT OF ARMY BOARDS AGENCY,

               Defendants.
----------------------------------------X

**MEMORANDUM
AND ORDER**
06-CV-6369 (SLT)

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 1 6 2007

P.M.
TIME A.M. _____

TOWNES, U.S.D.J.:

Plaintiff, appearing *pro se*, filed the instant action on November 27, 2006. By order dated December 6, 2006 (the "December Order"), the Court directed plaintiff to amend his complaint within thirty (30) days to comply with Fed. R. Civ. P. 8, *Muyhktahlif v. NY Port & NJ Sec. ID Office, et al.*, No 06-CV-6369 (SLT), slip op. at 3 (E.D.N.Y. Dec. 6, 2006), and on January 5, 2007, plaintiff filed an amended complaint. The Court dismisses plaintiff's amended complaint for the reasons stated below.

Discussion

In the December Order, this Court held that plaintiff's complaint failed to allege facts to support a claim against the defendants. *Id.*, slip op. at 2-3. The Court nevertheless afforded plaintiff an opportunity to replead his claims. *Id.*, slip op. at 3. The Court further advised plaintiff that "[a]ny document attached to the amended complaint must be marked and its relevance to the instant action should be explained in the statement of claim." *Id.* Despite the Court's instructions, plaintiff's amended complaint still does not comply with Rule 8.

The first pages of the amended complaint consist of an employment discrimination complaint form, whereby plaintiff specifies that he is suing "NY Port Authority NJ Port



Authority" and "Navy Council of Personnel records." Am. Compl. at 1, 4. Plaintiff's allegations in the complaint form are the following:

> "The navy reserve dismissal and no discharge for medical told verbal warning my last duty station was willow grove PA Airstation. I was given a transfer up to [indecipherable] in the Bronx and then the [sic] didn't give me any discharge or payment any further in the unit. ... I need to apply for another job based on the fact that the job expired and I went back to the Airport in 2004 2005 and 2006 and was granted an[] identification badge from the security ID office of name change reasons from the arrest which old name still existed even though I showed proof of name change papers and dismissal of charge of 5-22-97."

*Id.* at 3, 5. Plaintiff alleges that he filed charges with the Equal Employment Opportunity Commission ("EEOC") regarding defendants' conduct on November 11, 1994 and December 13, 2006. *Id.* Plaintiff does not allege the outcome of his 1994 grievance, but he does submit copies of the EEOC's and the State of New York Division of Human Rights' acknowledgments of the filing of his 2006 grievance. *See id.* at 49, 54. The remainder of plaintiff's 56-page amended complaint consists of arbitrarily-assembled documents whose relevance to the instant action is unclear. A substantial portion of the complaint is a copy of a 2003 report of the U.S. Commission on Civil Rights titled "Ten-Year Check-Up: Have Federal Agencies Responded to Civil Rights Recommendations?" The amended complaint also contains, *inter alia*, a copy of a church service program, documents related to plaintiff's military discharge, and a September 18, 2002 notice from the City of New York Department of Consumer Affairs regarding plaintiff's licence to drive a tow truck.

The amended complaint does not clarify the claims that plaintiff wishes to raise by the instant action. To the extent plaintiff wishes to raise claims relating to the grievances that he filed with the EEOC, as advised in the EEOC's December 13, 2006 letter to plaintiff, he must request and obtain from the EEOC a Notice of Right to Sue, which is valid for 90 days from the

date the Notice was issued. _See id._ at 49. However, it is impossible to determine from either the original or the amended complaint what harm plaintiff purports to have suffered, what acts of which defendant allegedly caused that harm, and what federal rights were allegedly infringed by those acts. Therefore, the amended complaint fails to comply with Rule 8, and it must be dismissed. _See Salahuddin v. Cuomo_, 861 F.2d 40, 42 (2d Cir. 1988) (dismissal appropriate in cases where the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); _Iwachiw v. NYC Bd. of Elections_, 273 F. Supp. 2d 224, 27 (E.D.N.Y. 2003) (dismissing amended complaint for failure to comply with Rule 8). To grant plaintiff another opportunity to amend his complaint would be an exercise in futility and a waste of this Court's resources more properly devoted to legitimate claims. _See Foman v. Davis_, 371 U.S. 178, 182 (1962) (a district court need not grant leave to amend if amendment would be futile); _Acito v. IMCERA Group, Inc._, 47 F.3d 47, 55 (2d Cir. 1995).

Conclusion

Accordingly, the Court hereby dismisses the amended complaint for failure to comply with Rule 8. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore _in forma pauperis_ status is denied for the purpose of any appeal. _Coppedge v. United States_, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2007
Brooklyn, New York